UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO CRUZ,<br><br>    Plaintiff,<br><br>    v.<br><br>ZAHED UDDIN AHMED,<br><br>    Defendant. | Case No. 15-cv-01855-KAW<br><br>**ORDER DENYING REQUEST FOR JOINDER AND DISMISSING DOE DEFENDANTS WITHOUT PREJUDICE TO FILING A NEW COMPLAINT**<br><br>Re: Dkt. No. 9 |

    Plaintiff, a state prisoner, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983, alleging the violation of his constitutional rights by Dr. Zahed Uddin Ahmed and Doe Defendants. In an August 7, 2015 order, the Court found that the allegations in the complaint appeared to state a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs against Dr. Ahmed. The order also stated that Plaintiff must provide to the court the names of the Doe Defendants by the date scheduled for Dr. Ahmed to file his dispositive motion or the Doe Defendants would be dismissed without prejudice to Plaintiff filing a new action against them.

    On August 25, 2015, Plaintiff filed a document identifying the Doe Defendants as Correctional Officers Betancourt and Carillo. Plaintiff alleges that these two officers engaged in conduct to retaliate against him for exercising his First Amendment rights to file administrative grievances. Officer Betancourt allegedly subjected Plaintiff to unreasonable cell searches resulting in the confiscation of Plaintiff's personal property and allowed another inmate to assault Plaintiff. Officer Carillo allegedly called Plaintiff disrespectful names and harassed him by continuously taunting him, searching his cell and confiscating his property. Plaintiff requests that Officers Betancourt and Carillo be joined as defendants in his action

    There are two requirements for joining a defendant: (1) the claims against all defendants

must "arise out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P 20(a)(2)(A)-(B).

The retaliation claims against Officers Betancourt and Carillo do not arise out of the same transaction, occurrence, or series of transactions or occurrences as the deliberate indifference to serious medical needs claim against Dr. Ahmed, which is based on the allegations that he failed to treat Plaintiff for his pain and injuries. Additionally, there is no question of law or fact common to the claims against the Officers and against Dr. Ahmed.

Therefore, the Court denies the request to join Officers Betancourt and Carillo in this action and dismisses the Doe defendants from this action without prejudice. If Plaintiff wishes, he may file a new action alleging his claims against Officers Betancourt and Carillo.

**IT IS SO ORDERED**.

Dated: October 9, 2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge